People v Hill (2021 NY Slip Op 03124)





People v Hill


2021 NY Slip Op 03124


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Ind No. 4985N/15 4985N/15 Appeal No. 13824 Case No. 2019-314 

[*1]The People of the State of New York, Respondent,
v
Kevion Hill, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J. at suppression hearing; Kevin McGrath, J. at plea; Mark Dwyer, J. at sentencing), rendered July 20, 2017, as amended August 1, 2017, convicting defendant of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 4½ years, unanimously affirmed.
The court properly denied defendant's motion to suppress drugs recovered from
defendant at the time of his arrest. Defendant does not dispute that, at the inception, the officers possessed an objective, credible reason for approaching him. Accordingly, escorting defendant off the elevator and into the hallway so they could talk to him was justified (see e.g. People v Francois, 61 AD3d 524, 525 [1st Dept 2009], affd 14 NY3d 732 [2010]). The record supports the court's detailed findings, made after evaluating all the hearing evidence including a surveillance videotape, that the police did not "grab" defendant when they escorted him out of the elevator, and that none of the police actions elevated the encounter to a level three seizure requiring reasonable suspicion (see People v Bora, 83 NY2d 531, 535 [1994]). Defendant thereafter provided the officers with probable cause to arrest him for criminal trespass by evidently falsely identifying a woman in the elevator as his aunt, as the reason for his presence in the building.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021